THERESA WILLIAMSON, TRUSTEE, ETC., RESPONDENT, *v.* ELIZABETH DUFFY, APPELLANT, IMPLEADED WITH MICHAEL DUFFY.

*Married woman — when liable on her bond, though her separate estate is not charged by the terms of the bond.*

This action was brought to foreclose a bond and mortgage executed by the defendant, a married woman, upon land belonging to her. The bond did not charge her separate estate with its payment. The defendant alleged in her answer that she was a married woman, not carrying on any separate business, and asked not to be held liable for any deficiency.

*Held*, that a demurrer thereto, interposed by the plaintiff, was properly sustained, as the mere fact that she received the money, upon her promise to repay it, was sufficient evidence that it was borrowed for the benefit of her separate estate.

APPEAL from so much of a judgment entered herein, as holds the defendant liable for any deficiency that may arise upon the sale of the mortgaged premises under a judgment of foreclosure entered herein. A demurrer interposed by the plaintiff to a defence set up by the defendant, that she was a married woman and did not carry on any separate business, was sustained, and the appellant seeks to review the order sustaining it, upon this appeal.

*Thomas J. Farrell*, for the appellant.

*James Ridgway*, for the respondent.

BARNARD, P. J.:

The defendant, Duffy, borrowed upon a bond and mortgage upon her land the sum of $3,000. The bond did not charge her separate estate with the payment of the debt. The answer avers that the defendant, Duffy, is a married woman, and that she does not carry on any separate business, and asks that she be decreed to be not liable to pay any deficiency arising upon a sale of the mortgaged premises. We think the plaintiff's demurrer to this answer properly sustained. The defendant, by the loan in question, increased her estate as between herself and the plaintiffs, to the extent of the amount of the loan. When she has the power by law to increase her separate estate, she should be held to perform the contract whereby it is increased. The mere fact, therefore, that a married woman receives money upon her promise to repay it, is sufficient evidence that the money borrowed went for the benefit of her separate estate.

Judgment affirmed, with costs.

PRATT, J., concurred.

Present—BARNARD, P. J., DYKMAN and PRATT, JJ.

Part of judgment appealed from, and order sustaining plaintiff's demurrer affirmed, with costs.